# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDMUND ZAGORSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:99-CV-1193 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| WAYNE CARPENTER, Warden, ) | CAPITAL CASE |
| ) | |
| Defendant, ) | |

## MEMORANDUM & ORDER

Pending before the court is petitioner Edmund Zagorski's Motion for Relief from Judgment (Docket No. 212) (filed under Fed. R. Civ. P. 60), with respect to which the respondent Wayne Carpenter, Warden (hereinafter, "government"), filed a Response in opposition (Docket No. 217), Zagorski filed a Reply (Docket No. 219), Zagorski filed two Notices of Supplemental Authority (Docket Nos. 220 and 221), the government filed a supplemental Response in opposition (Docket No. 223), Zagorski filed a supplemental Reply (Docket No. 224), the government filed a Notice of Supplemental Authority (Docket No. 225), and Zagorski filed a Response to the government's Notice of Supplemental Authority (Docket No. 227).

In support of his motion, Zagorski argues that, in light of the United States Supreme Court decisions in *Martinez v. Ryan*, 132 S .Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the court should reconsider its previous holding that the claims set forth in ¶¶ 10(c), 15, and 17 of his Amended Petition were procedurally defaulted. The parties have argued at some length about whether (1) the exception to the procedural default rule articulated in

1

*Martinez* and *Trevino* applies in Tennessee; and (2) if so, whether that newly recognized exception provides a basis under Fed. R. Civ. P. 60(b) for the court to reconsider its judgment. These issues, particularly the applicability of the *Martinez/Trevino* exception in Tennessee, have divided district courts within the Sixth Circuit and are the subject of multiple pending appeals before the Sixth Circuit. *See, e.g.*, *Leberry v. Howerton*, No. 12-5980 (6th Cir., appeal filed Sept. 9, 2012) (appeal taken from *Leberry v. Howerton*, No. 3:10-00624, 2012 WL 2999775 (M.D. Tenn. July 23, 2012) (holding, pre-*Trevino*, that exception does not apply)); *Sutton v. Colson*, No. 12-6310 (6th Cir, appeal filed Oct. 29, 2012) (appeal taken from *Sutton v. Colson*, No. 3:07-cv-30, Mem. & Order at Docket No. 42 (E.D. Tenn.) (holding, pre-*Trevino*, that exception does not apply)); *Abdur'Rahman v. Carpenter*, No. 13-6126 (6th Cir. filed Aug. 29, 2012) (appeal taken from *Rahman v. Carpenter*, No. 3:96-0380, 2013 WL 3865071 (M.D. Tenn. July 25) (holding, post-*Trevino*, that exception does not apply))[1]; *see also McKay v. Bell*, No. 02-2002-SHM-tmp, Jan. 22, 2013 Mem. & Order at Docket No. 125 (W.D. Tenn.) (holding, pre-*Trevino*, that exception applies); *Cone v. Colson*, No. 97-2312-JPM, Apr. 1, 2013 Order at Docket No. 323 (W.D. Tenn.) (holding, pre-*Trevino*, that exception applies); *Means v. Lester*, No. 11-2646-JPM-tmp, 2013 WL 3992506, at *14 (W.D. Tenn. Aug. 5, 2013) (stating, in *dicta*, that the exception "would appear to be applicable to habeas petitioners in Tennessee").[2]

---

[1] The court notes that the Sixth Circuit has deferred issuing a briefing schedule in *Abdur'Rahman*, pending the district court's ruling on a certificate of appealability.

[2] In a now-superseded opinion in *Hodges v. Colson*, 711 F.3d 589 (6th Cir. Mar. 26, 2013), the Sixth Circuit had stated, apparently in *dicta*, that the *Martinez* exception did not apply in Tennessee. *Id.* at 612. After the Supreme Court issued *Trevino* on May 28, 2013, the Sixth Circuit amended and superseded its previous opinion in *Hodges* by, *inter alia*, removing its statements concerning the potential applicability of the *Martinez/Trevino* exception in Tennessee. *See Hodges v. Colson*, – F.3d – , 2013 WL 4414811, at *19 (6th Cir. Aug. 14, 2013)

If the *Martinez/Trevino* exception does apply in Tennessee, then the parties and the court would need to address several additional inquiries, including whether the three referenced objections are subject to that exception, whether post-conviction counsel was ineffective in failing to raise the referenced objections concerning the ineffectiveness of Zagorski's trial counsel, whether post-conviction counsel's failure to raise those objections was prejudicial to Zagorski, and whether "the underlying ineffective-assistance of-trial-counsel claims [are] substantial, which is to say that . . . [they] have some merit." *See Martinez*, 132 S. Ct. at 1317. On the other hand, if the Sixth Circuit finds that the *Martinez/Trevino* exception does not apply in Tennessee, none of these inquiries would be necessary, because the court would have no basis on which to excuse the referenced procedural defaults in the first place.

Under the circumstances, it may be in the interest of fairness and judicial economy to stay this case, pending the Sixth Circuit's disposition of the *Martinez/Trevino* issue in one or more of the pending appeals. This approach could save the parties and the court from devoting substantial time and effort to a motion that may be premised on an exception that is unavailable in Tennessee in the first place. Accordingly, the court hereby **ORDERS** the parties to file position statements by Friday, September 16, 2013, as to whether it would be in the interests of fairness and judicial economy to stay Zagorski's Rule 60 motion pending the Sixth Circuit's ruling on whether the *Martinez/Trevino* exception applies in Tennessee.

It is so **ORDERED**.

---

(language omitted). Therefore, post-*Trevino*, the the Sixth Circuit has not addressed this issue.

ENTER this 29th day of August 2013.

_____
ALETA A. TRAUGER
United States District Judge