# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDMUND ZAGORSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:99-cv-01193 |
| ) | |
| WARDEN TONY MAYS, ) | JUDGE TRAUGER |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The petitioner, Edmund Zagorski, was convicted and sentenced to death in 1984 for the murders of Dale Dotson and Jimmy Porter. He has been denied relief in direct appeal, post-conviction, and federal habeas proceedings. *See Zagorski v. Bell*, 326 F. App'x 336 (6th Cir. 2009) (summarizing procedural history and affirming the denial of habeas relief). Most recently, on September 12, 2018, this court denied the petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. Nos. 244, 245.)

The petitioner is scheduled to be executed on October 11, 2018. He seeks a stay of execution from this court to allow him the opportunity to have the United States Court of Appeals for the Sixth Circuit hear his appeal from this court's ruling on his Rule 60 motion. (Doc. No. 249.)

    I.     JURISDICTION TO GRANT A STAY

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter

involved in the habeas proceeding." 28 U.S.C. § 2251 (a)(1).  The petitioner's Rule 60 motion is no longer pending before this court but is on appeal to the Sixth Circuit.  The respondent asserts that the court lacks jurisdiction under § 2251 to grant a stay of execution in this procedural posture. (Doc. No. 251 at 3–5.)  The court finds it unnecessary to resolve this dispute in the extremely limited amount of time available in this circumstance.  For the reasons explained below, even assuming that this court continues to have jurisdiction to grant the petitioner a stay of execution, it is clear that such jurisdiction is more appropriately exercised by the Sixth Circuit.

II. STANDARD FOR STAY OF EXECUTION

The Supreme Court applies the following standard to determine whether a condemned inmate is entitled to a stay pending some challenge to his sentence or its method of execution: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  The Sixth Circuit's standard relies on the same factors and asks: "(1) whether [a movant] has demonstrated a strong likelihood of success on the merits; (2) whether he will suffer irreparable injury in the absence of equitable relief; (3) whether the stay will cause substantial harm to others; and (4) whether the public interest is best served by granting the stay." *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009).  "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

The potential harm arising from a court's ruling on a motion to stay weighs heavily on both sides.  The irreparable injury inflicted by an execution in violation of the Constitution is too

obvious to require discussion. And "it is always in the public interest to prevent violation of a party's constitutional rights." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 274 F.3d 377, 400 (6th Cir. 2001). But on the other hand, courts must weigh the State's interest in carrying out a lawful death sentence and in the finality of criminal judgments, *Workman v. Bredesen*, 486 F.3d 896, 912–13 (6th Cir. 2007), and the fact that "the public interest is not served by ordering a stay of execution for claims that are unlikely to prevail." *Bedford v. Kasich*, No. 2:11-CV-351, 2011 WL 1691823, at *15 (S.D. Ohio May 4, 2011). That interest in finality grows weightier as an execution date approaches, and both the Supreme Court and the Sixth Circuit have counseled against last-minute stays that interfere with the state's ability to carry out its sentences. *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004); *Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011).

Because of the strong and universal competing interests surrounding an impending execution, these cases tend to turn on the inmate's ability to establish a likelihood of success on the merits of his challenge. *Glossip*, 135 S. Ct. at 2737 ("The parties agree that this case turns on whether petitioners are able to establish a likelihood of success on the merits."); *In re Ohio Execution Protocol Litig. (Campbell v. Kasich)*, 881 F.3d 447, 449 (6th Cir. 2018) (observing that "the 'likelihood of success on the merits' factor is determinative here"). To satisfy that prong, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). "More than a mere 'possibility' of relief is required." *Id.* The level of likelihood of success required depends on the injury at stake:

> The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the

mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Griepentrog*, 945 F.2d at 153–54 (citations omitted). The "absence of any meaningful chance of success on the merits" is sufficient basis for denial of a stay. *Workman*, 486 F.3d at 911.

III.    PETITIONER'S LIKELIHOOD OF SUCCESS ON THE MERITS

The petitioner's Rule 60 motion sought relief on three claims that were previously dismissed as procedurally defaulted, on the basis that he could overcome those defaults pursuant to the Supreme Court's intervening decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). This court determined that the Rule 60 motion lacked merit for several reasons, including: (1) *Martinez* alone does not justify reconsideration under Rule 60 or tip the equities of the case to require such reconsideration; (2) *Martinez* applies only to claims of ineffective assistance of counsel at trial and would not apply to the petitioner's *Lockett* or *Jackson* claim; and (3) all three of the petitioner's claims in question would fail even under *Martinez*. (Doc. No. 244.) The court found that "the petitioner's claims are neither 'winning' nor 'substantial'" and observed that none of them established that the petitioner was innocent of the crimes for which he was convicted. (*Id.* at 20.)

In granting the petitioner a certificate of appealability (COA), the court found that "reasonable jurists could debate" certain aspects of his claims. (Doc. No. 245.) A reasonably debatable point, however, is not the same as a strong likelihood of success or even a serious question about the merits of the petitioner's claims. Accordingly, the petitioner is not automatically entitled to a stay as a result of this court's granting a COA. *See Davis v. Kelley*, 855 F.3d 833 (8th Cir. 2017) (denying stay of execution after district court granted COA from

mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Griepentrog*, 945 F.2d at 153–54 (citations omitted). The "absence of any meaningful chance of success on the merits" is sufficient basis for denial of a stay. *Workman*, 486 F.3d at 911.

III.    PETITIONER'S LIKELIHOOD OF SUCCESS ON THE MERITS

The petitioner's Rule 60 motion sought relief on three claims that were previously dismissed as procedurally defaulted, on the basis that he could overcome those defaults pursuant to the Supreme Court's intervening decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). This court determined that the Rule 60 motion lacked merit for several reasons, including: (1) *Martinez* alone does not justify reconsideration under Rule 60 or tip the equities of the case to require such reconsideration; (2) *Martinez* applies only to claims of ineffective assistance of counsel at trial and would not apply to the petitioner's *Lockett* or *Jackson* claim; and (3) all three of the petitioner's claims in question would fail even under *Martinez*. (Doc. No. 244.) The court found that "the petitioner's claims are neither 'winning' nor 'substantial'" and observed that none of them established that the petitioner was innocent of the crimes for which he was convicted. (*Id.* at 20.)

In granting the petitioner a certificate of appealability (COA), the court found that "reasonable jurists could debate" certain aspects of his claims. (Doc. No. 245.) A reasonably debatable point, however, is not the same as a strong likelihood of success or even a serious question about the merits of the petitioner's claims. Accordingly, the petitioner is not automatically entitled to a stay as a result of this court's granting a COA. *See Davis v. Kelley*, 855 F.3d 833 (8th Cir. 2017) (denying stay of execution after district court granted COA from

denial of Rule 60 relief). "A prisoner condemned to death, however imminent that death may be, has no automatic entitlement to a stay of execution." *Howard v. Dretke*, No. MISC.A. V-05-05, 2005 WL 2453274, at *1 (S.D. Tex. Oct. 4, 2005).

This court has already ruled that the petitioner's Rule 60 motion does not succeed and respectfully declines to speculate about the Sixth Circuit's view of his chances in that court. The court observes that the petitioner has already also sought a stay from the Sixth Circuit, which is the more appropriate forum to determine his current likelihood of success. *See* Motion for Stay of Execution, *Zagorski v. Mays*, No. 18-6052 (6th Cir. Oct. 9, 2018), ECF No. 6.

For these reasons, the petitioner's Motion for Stay of Execution (Doc. No. 249) is **DENIED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge